220 P.3d 1283 (2009)
153 Wash.App. 461
AMERICAN STATES INSURANCE COMPANY, on behalf of its insured Khene K. Kommavongsa, Respondent,
v.
Phoukeo NAMMATHAO, individually and as Guardian Ad Litem of Napha T. Nammathao, a minor, Khene K. Kommavongsa, as Guardian Ad Litem of Sivilay Nammathao, an incompetent, Appellants.
No. 27641-4-III.
Court of Appeals of Washington, Division 3, Panel One.
December 10, 2009.
*1284 A. Graham Greenlee, Attorney at Law, Seattle, WA, for Appellants.
Ronald Gordon Morrison, Ronald G. Morrison, Spokane, WA, for Respondent.

PUBLISHED OPINION
KORSMO, J.
¶ 1 Some 13 years after he undertook representation of his clients, the trial court removed attorney A. Graham Greenlee from this interpleader action due to concern that he would become a witness. Because there are insufficient findings to justify the decision, we reverse the disqualification ruling without prejudice to a renewed motion and appropriate factual findings.

FACTS
¶ 2 The current action has its genesis in a 1995 one-car rollover accident that left passenger Sivilay Nammathao in a persistent vegetative state and seriously injured her daughter, Napha Nammathao, who then was age ten. Mr. Greenlee undertook representation of the two the next year. Both clients are represented by guardians ad litem.
¶ 3 The driver, Khamchanh Soratsavong, was insured by Allstate Indemnity Company. Allstate ultimately paid the $50,000 policy limits, which were insufficient to compensate the victims.[1] Khene Kommavongsa had a $100,000 underinsured motorist policy (UIM) through American States Insurance Company (ASIC) that covered both passengers. ASIC filed an interpleader action June 28, 2007, seeking to tender its policy limits to the clerk of the court. The victims filed an answer to the action, and subsequently an amended answer that included a counterclaim for interest on the policy from 1997 due to ASIC's bad faith.
¶ 4 ASIC answered the counterclaim by alleging that the entire delay was the fault of Mr. Greenlee and filing a third party action for malpractice against him. ASIC also moved to disqualify Mr. Greenlee on the basis that he had a conflict of interest in representing both accident victims.
¶ 5 The third party complaint was dismissed under CR 12(b)(6) for failure to state a claim for relief. Mr. Greenlee obtained waivers of the conflict from his clients. Two months later, ASIC again moved to disqualify Mr. Greenlee. This time the motion alleged disqualification was required because he would be a necessary witness to defend the allegation that his negligence had caused the delay. The affidavits of two adjustors and an attorney detailing eight years of delay and lack of cooperation from Mr. Greenlee supported the motion.
¶ 6 The following month, the victims filed their own motion to disqualify ASIC's counsel, Ronald Morrison, for the same reason. They alleged that Morrison was a necessary witness on their bad faith claim. Four days later, the court granted ASIC's motion to disqualify Mr. Greenlee. No action was taken on the motion to disqualify Mr. Morrison. The court then appointed Cheryl Adamson as counsel for Sivilay Nammathao.[2]
¶ 7 Mr. Greenlee sought discretionary review of the disqualification order. Concluding *1285 that there was probable error, our commissioner granted review.

ANALYSIS
¶ 8 An attorney can be removed from litigation when he or she is a necessary witness, but a court must make appropriate findings to justify that action. The record here does not reflect such findings were made. ASIC also argues that counsel was not providing competent representation and should be removed on that basis as well. We review both arguments in turn.

Attorney as Witness
¶ 9 RPC 3.7 states the lawyer as witness rule. The sections relevant to this case provide:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
....
(3) disqualification of the lawyer would work substantial hardship on the client; or
(4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.
¶ 10 A trial court has the authority under this rule to disqualify a lawyer who refuses to withdraw from a case. Public Utility Dist. No. 1 of Klickitat County v. Int'l Ins. Co., 124 Wash.2d 789, 811-812, 881 P.2d 1020 (1994). Understandably, "courts have been reluctant to disqualify an attorney absent compelling circumstances." Id. at 812, 881 P.2d 1020. An appellate court reviews the trial court's ruling for abuse of discretion. Id. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). Discretion also is abused when it is exercised contrary to law. State v. Tobin, 161 Wash.2d 517, 523, 166 P.3d 1167 (2007).
¶ 11 PUD No. 1 involved review of a trial court decision to permit counsel to continue representation in a case where the opposing party intended to call him as a witness. 124 Wash.2d at 811-812, 881 P.2d 1020. In upholding that decision, our court favorably cited and applied a test adopted by the Arizona Supreme Court in Cottonwood Estates, Inc. v. Paradise Builders, Inc., 128 Ariz. 99, 624 P.2d 296 (1981). PUD No. 1, 124 Wash.2d at 812, 881 P.2d 1020. The court cited the following passage from Cottonwood Estates in its analysis:
[A] motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client.
Id. (citing Cottonwood Estates, Inc., 128 Ariz. at 105, 624 P.2d 296). Our court then concluded that because counsel's testimony was available from other sources, denial of disqualification was proper. Id.
¶ 12 We believe that a trial court considering disqualification in this situation must apply the Cottonwood Estates' standards and make appropriate findings concerning the materiality and necessity of counsel's testimony, as well as determine any prejudice to the attorney's client, before making the decision to disqualify counsel. That was not done here.
¶ 13 Nonetheless, it does not appear that ASIC would satisfy these standards in this case. ASIC can establish its counterclaim without calling Mr. Greenlee since its files and the testimony of its case adjustors and its former counsel can establish the alleged inaction of Mr. Greenlee asserted in its defense of the interest claim.[3] He is not a necessary witness for ASIC's case.
¶ 14 ASIC also points out that Mr. Greenlee will very likely have to testify on behalf of his clients and should be disqualified for that reason as well. That situation is more problematic given the nature of the accusations here. When the opposing side seeks to call counsel to testify, subsection (4) permits the trial judge some discretion in allowing the attorney to testify and continue to represent his or her client. The court has less flexibility with an attorney called on *1286 behalf of his or her client. The only apparent exception[4] applicable here is RPC 3.7(a)(3), which permits counsel to testify when disqualification would work a hardship to the client.
¶ 15 The Cottonwood Estates' factors are not applicable to a subsection (a)(3) analysis, but we believe that a trial court considering the issue should similarly make findings concerning the importance of counsel's testimony in the case and whether disqualifying the attorney would constitute a substantial hardship for the client. On remand, if ASIC renews its motion to disqualify Mr. Greenlee because he will likely be a witness for his clients, the trial court should make appropriate findings on these points. We leave the remedy to the court's considered discretion. PUD No. 1, 124 Wash.2d at 812, 881 P.2d 1020. On this record we cannot discern the likelihood that Mr. Greenlee would need to testify[5] or the importance of that testimony to his clients. There also is no evidence before the court on whether removing Mr. Greenlee would substantially harm his clients. All of these factors will inform the trial court's discretion.
¶ 16 We also note that the trial court has discretion to require Mr. Greenlee to determine in a timely manner if he will have to testify on behalf of his clients. Barbee v. Luong Firm, P.L.L.C., 126 Wash.App. 148, 160, 107 P.3d 762 (2005). Given the lengthy delays to date, the decision to testify should be expected relatively soon.
¶ 17 The decision to remove Mr. Greenlee is reversed. The matter can be revisited, and appropriate findings made, if Mr. Greenlee chooses to testify.

Attorney Competence
¶ 18 ASIC alternatively argues that Mr. Greenlee should be removed from the case for incompetence due to the failure to resolve the litigation over the past 13 years. RPC 1.1; RPC 1.3. We question this theory, but ultimately conclude that the record is insufficient to resolve the matter.
¶ 19 ASIC argues that counsel has not concluded the litigation and has no valid reason for refusing to accept the tendered policy limits for the past decade. We, too, question why the money was not accepted in 1999.[6] UIM is essentially excess coverage for insureds that have not been made whole by the tortfeasor. E.g., Hamilton v. Farmers Ins. Co. of Washington, 107 Wash.2d 721, 727-728, 733 P.2d 213 (1987). UIM payments would not reduce the recovery from the tortfeasor and there is no apparent reason not to accept an offer to tender policy limits. Nonetheless, the tactics used to achieve the client's goals are a matter left to counsel. RPC 1.2(a). Courts do not review tactical decisions of counsel. E.g., State v. Hendrickson, 129 Wash.2d 61, 77-78, 917 P.2d 563 (1996).
¶ 20 No relevant authority has been presented that suggests that counsel in a civil case can be removed for alleged incompetence.[7] ASIC argues primarily from the decision in Hallmann v. Sturm Ruger & Co., Inc., 31 Wash.App. 50, 639 P.2d 805 (1982). There the court revoked the pro hac vice authority of an Alaska attorney to practice in a Washington case because of difficulties that occurred during discovery and other pre-trial activities. Id. at 51-52, 639 P.2d 805. Division Two of this court reversed the order, ruling that the attorney had a due process *1287 right to notice and the right to respond before the pro hac vice authority was revoked. Id. at 54-55, 639 P.2d 805. On remand, the trial court was to consider any alleged violations of the Rules of Professional Conduct and any contemptuous behavior in assessing whether to revoke counsel's authority. The court was also to consider the impact of removing counsel on the client's case. Id. at 54-56, 639 P.2d 805.
¶ 21 We discern significant obvious differences between removing a member of the bar from a civil case and revoking an attorney's permissive pro hac vice status. Hallmann is not apropos.
¶ 22 A Washington attorney who fails to live up to his or her obligations to perform competently and diligently typically will face the bar disciplinary action. ELC 1.1 et seq. Similarly, counsel can be called to account for contemptuous behavior. RCW 7.21.010 et seq. No authority for removing civil counsel for incompetence, however, has been provided to us. If there is such authority, we believe counsel at a minimum has the same due process rights to notice and opportunity to be heard that were provided in Hallmann. A court should make the same inquiries required in that case and include an assessment of the impact of removal on the client's case.
¶ 23 If, on remand, ASIC has different authority that would permit removal of counsel on this basis, it can provide its authority and give Mr. Greenlee notice of the conduct in question.[8] The trial court can then consider the allegations and make appropriate findings. In the absence of these minimal safeguards, relief cannot be granted on this alternative theory.
¶ 24 Reversed.
WE CONCUR: SWEENEY and BROWN, JJ.
NOTES
[1] Two separate appeals were spawned involving this policy and the defense of the driver. See Kommavongsa v. Haskell, 149 Wash.2d 288, 67 P.3d 1068 (2003), and Soratsavong v. Haskell, 133 Wash.App. 77, 134 P.3d 1172 (2006), review denied, 159 Wash.2d 1007, 153 P.3d 196 (2007).
[2] Mr. Greenlee declined to cooperate with Ms. Adamson. The court found him in contempt and sanctioned him $10,000. His appeal of that ruling was stayed pending the outcome of this case. See American States Ins. Co. v. Nammathao, Court of Appeals No. 28078-1-III.
[3] ASIC asserts that it has been trying to pay the policy limits since 1999 but (1) no request for payment has been made; (2) its offer to pay was refused; and (3) Mr. Greenlee requested that it not file an interpleader action because he desired to settle the other litigation first.
[4] RPC 3.7(a)(1) and (2) apply to testimony on uncontested issues and in disputes on legal services rendered by counsel. Neither is applicable here.
[5] For instance, perhaps others with firsthand knowledge might exist who could testify in lieu of Mr. Greenlee.
[6] In the ensuing years, the two rounds of appellate litigation undoubtedly contributed to the delay. Mr. Greenlee also was briefly suspended from the practice of law. In re the Disciplinary Proceeding Against Greenlee, 158 Wash.2d 259, 143 P.3d 807 (2006).
[7] The Sixth Amendment guarantees criminal defendants the right to effective, competent counsel. Strickland v. Washington, 466 U.S. 668, 689-691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We do not question the authority of trial courts enforcing this guarantee to remove counsel if necessary. However, there is no corresponding right to counsel in a civil case (with some limited, and mostly statutory, exceptions). There is no argument here that the guardianship statutes or other legislation provide such authority.
[8] We do not opine on the wisdom of this course of action in this prolonged litigation.